**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3756

_____

HAKEIM ROBINSON,
Appellant

v.

ROBERT SHANNON; THE DISTRICT ATTORNEY OF THE COUNTY OF
PHILADELPHIA; THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-01074)
District Judge: Hon. Norma L. Shapiro

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2012

Before: SLOVITER, VANASKIE, and GARTH, Circuit Judges.

(Filed: February 8, 2012)

_____

OPINION

_____

GARTH, Circuit Judge.

Following a conviction for, among other crimes, second degree murder, appellant

Hakeim Robinson filed a petition for a writ of habeas corpus, which was denied. The

District Court issued a certificate of appealability of its denial of the petition, and this

court thereafter expanded the scope of that certificate. Consistent with the certificate of appealability, Robinson now claims that the admission of certain statements of his codefendants violated his Confrontation Clause rights and claims that his appellate counsel was ineffective. For the reasons that follow, we will affirm the District Court's August 10, 2009 denial of Robinson's petition for a writ of habeas corpus.

I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

In April 2002, after a joint trial with two codefendants, appellant Hakeim Robinson was convicted in the Court of Common Pleas of second-degree murder, robbery, burglary, and conspiracy and sentenced to a term of life imprisonment, with lesser terms imposed on the charges other than murder. During the course of the trial, none of the three defendants testified, but the prosecution introduced redacted versions of incriminating statements made by each of them.[1] Counsel for all three defendants timely objected to the introduction of these statements, claiming that the redactions were

[1] During investigation of the underlying incident, all three of the codefendants in the case--appellant Robinson, Robert Jones, and Fred Porter, all confessed to involvement in the incident, but gave conflicting versions of exactly what had occurred. While all three acknowledged that they were in the course of committing a planned robbery when the victim was killed, Robinson told police that one of his two codefendants had accidentally shot the victim after Robinson had left the victim's residence; Porter told police that he was outside the victim's residence when the victim was killed by either Robinson or Jones, and Jones told police that Porter had shot the victim. The content of each of these statements was offered at trial against the individual who had made the statement, with redactions that, except in one instance where Robinson's name was simply removed, replaced the names of any codefendant with terms such as "some guy I know" and with an instruction that each defendant's statement could only be considered as evidence against the defendant who had originally made the statement.

insufficient to bring the statements into conformity with the Confrontation Clause; these objections were overruled. Thereafter, a prosecution witness referred to one of the statements as "redacted," and the defendants' counsel jointly moved for a mistrial, which was denied. During closing argument, the prosecutor commented on Robinson's failure to testify despite Robinson's counsel's promise during opening statements that Robinson would testify.

After Robinson's conviction and the imposition of sentence, he appealed to the Pennsylvania Superior Court. On appeal, Robinson claimed that the introduction of the redacted statements of his two codefendants violated his Confrontation Clause rights, that the prosecutor committed misconduct by commenting on Robinson's failure to testify, and that Robinson's trial counsel was ineffective for promising that Robinson would testify. The Superior Court, in an unpublished opinion, affirmed Robinson's conviction and sentence, determining, inter alia, that Robinson had, by failing to include the claim in his statement of issues on appeal, waived his claim that a specific redaction of Jones' statement violated his Confrontation Clause rights under Gray v. Maryland, supra. The Pennsylvania Superior Court denied all of Robinson's other claims.

The Pennsylvania Supreme Court thereafter granted allocator, with Robinson's appeal limited to the question of whether Robinson had been denied his Confrontation Clause rights by the redaction and introduction of his codefendants' statements and by the reference to those statements as "redacted." After oral argument, the Pennsylvania Supreme Court dismissed the appeal without opinion as improvidently granted. Robinson filed a timely petition under the Pennsylvania Post-Conviction Relief Act

(PCRA). In his PCRA petition, Robinson sought relief on the grounds of: 1) the ineffectiveness of both his trial and appellate counsel for failing to raise and preserve Robinson's objections to the admission of his codefendants' statements under the Confrontation Clause; 2) the ineffectiveness of both his trial and appellate counsel for failure to raise and preserve Robinson's objections to the characterization of those statements as "redacted;" 3) his trial counsel's ineffectiveness for failure to object to the prosecutor's references to the statements during closing argument; and 4) his trial counsel's ineffectiveness for promising that Robinson would testify. The PCRA court dismissed Robinson's petition, the Superior Court affirmed that dismissal, and the Pennsylvania Supreme Court denied allowance to appeal.

Robinson filed a *pro se* habeas petition in the District Court pursuant to 28 U.S.C. § 2254. That petition specified four grounds for relief: 1) Confrontation Clause violations; 2) ineffective assistance of trial counsel for promising that Robinson would testify; 3) prosecutorial misconduct for referring to Robinson's failure to testify;[2] and 4) ineffective assistance of direct appellate counsel for failure to specifically raise all of Robinson's appellate claims in his statement of issues on appeal.

The District Court concluded that Robinson's Confrontation Clause rights were violated, but determined that those violations were harmless, and denied his petition for a writ of habeas corpus. The District Court also issued a certificate of appealability "as to Robinson's objections concerning the Confrontation Clause claims." On motion by

---

[2] Robinson does not appeal before us the issues of trial counsel promising that he would testify and prosecutorial misconduct for referring to his failure to testify.

Robinson, this court expanded the certificate of appealability to include Robinson's "claim that his appellate counsel rendered ineffective assistance on direct appeal by failing to argue in the statement of issues on appeal that the redaction of codefendant Robert Jones's confession was improper under Gray v. Maryland, 523 U.S. 185, 192-94 (1998)[(holding that the admission of redacted codefendant statements that substitute a blank or the word "deleted" for the name of a defendant violates the Confrontation Clause)]." Robinson timely appealed under the expanded certificate of appealability.

## II.

We have jurisdiction over Robinson's appeal under 28 U.S.C. § 1291. Where a district court, in ruling on a habeas corpus petition, "relied exclusively on the state court record and did not hold an evidentiary hearing on habeas review, this Court's review is plenary." Gibbs v. Frank, 387 F.3d 268, 271 (3d Cir. 2004). "An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

## III.

Robinson now claims that the Confrontation Clause violations the District Court determined occurred at his trial were not harmless, and seeks relief on those grounds. Even if we were to assume, without deciding, that the admission of Jones' and Porter's

redacted statements violated Robinson's Confrontation Clause rights,[3] and that the subsequent reference to the statements as redacted also violated his Confrontation Clause rights, we nevertheless conclude that any error was harmless.

On collateral review of a state court criminal judgment under 28 U.S.C. § 2254, such as the present case, "an error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (internal quotation marks omitted). This is a less stringent standard for the demonstration of harmlessness than the standard employed on direct review, which requires only that the reviewing court be "able to declare a belief that [the error] was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967). We conclude that the evidence introduced against Robinson satisfies the Fry v. Pliler standard.

The prosecution introduced Robinson's confession, where Robinson admitted to his involvement in the robbery which led to the victim's death and which also admitted to his presence while the victim was beaten, but before the victim was shot. Robinson never claimed that the confession was coerced. In addition to this confession, the prosecution introduced significant additional evidence of Robinson's presence and involvement in the

---

[3] Although the District Court determined that the admission of Jones' redacted statement violated Robinson's Confrontation Clause rights, Robinson also claims that the District Court improperly concluded that the admission of Porter's redacted statement did not. A careful review of the District Court's decision reveals that the District Court did not reach any express conclusion as to the propriety of Porter's statement, which was admitted into evidence. The District Court, did, however, consider whether the reference to Porter's statement as "redacted" violated Robinson's Confrontation Clause rights. We therefore conclude that the District Court held, *sub silentio*, that admission of Porter's statement did not violate the Confrontation Clause.

criminal enterprise that ultimately led to the charge of murder on which he was convicted. Most notably, the prosecution introduced the testimony, which Robinson has never challenged, of a fourth participant in the scheme, which established Robinson's presence at the scene of the murder and his involvement in the robbery.[4]

Robinson did not call any witnesses in his own defense. Rather, Robinson's trial counsel made only two concerted efforts to refute the prosecution's case. First, counsel asserted, despite his lack of a claim of coercion, that it was impossible to know what had happened between Robinson's arrest and his confession. Second, Robinson argued that the only uninvolved witness who had been present at the time of the murder had not seen Robinson in the apartment where the murder took place. Robinson himself admitted to being in the apartment, and further stated that he did not see that witness in the apartment either. The evidence also established that the witness was lying down while Robinson or his codefendants were in the apartment. Because of her lying down position, she did not see Robinson, and concededly, Robinson did not see her.

In the face of this evidence against Robinson, and absent any evidence introduced to exonerate him, the admission of Porter's and Jones' statements and the subsequent reference to those statements as "redacted" did not have the required "substantial and injurious effect" on the fairness of Robinson's trial and conviction. See, e.g., Fry v. Pliler, supra; Schneble v. Florida, 405 U.S. 427, 430 (1972) (even under a more stringent standard for harmlessness, any error committed by admitting a codefendant's statement

---

[4] The prosecution's theory was that Robinson's codefendant Porter was the actual principal "triggerman."

7

was harmless where defendant's confession and corroborating evidence more than adequately established guilt). Any impermissible inferences drawn about Robinson from Jones' or Porter's redacted statements would merely have been cumulative of the substantial evidence of Robinson's involvement and presence. We therefore conclude that any Confrontation Clause errors that had been committed at Robinson's trial were harmless, and cannot provide grounds for habeas relief.

Robinson also seeks relief on the grounds that his direct appellate counsel failed to list each of his individual claims in his statement of issues on appeal. Specifically, while the statement of issues mentions both the alleged inadequacy of redactions and the prosecution's reference to the statements as "redacted," it does not include Robinson's contention that a *specific* redaction in Jones' statement, distinct from all the other redactions, violated his Confrontation Clause rights under Gray v. Maryland, supra.[5] To prevail on an ineffective assistance of counsel claim on federal habeas review, a petitioner must establish at a minimum that his counsel was responsible for a deficient performance which prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Robinson has never articulated any colorable claim of prejudice resulting from his counsel's failure to include a claim pertaining to Jones' statement and predicated on Gray v. Maryland, supra.

_____

[5]In his brief to the Superior Court, Robinson claimed that the admission into evidence of a portion of Jones' statement where Robinson's name had simply been removed violated his rights as established by Gray v. Maryland. Specifically, as introduced at trial, the redacted statement read, in relevant part: "Me and [. . . ] went up and knocked on the door." Robinson's name had been removed from immediately before the word "went," but had not been replaced by any substitute phrase.

8

While Robinson is correct that the Pennsylvania Superior Court disposed of that claim by concluding that he had waived it by failing to include it in his statement of issues, he fails to mention the Superior Court's observation that "were we to review Robinson's claim on the merits, we would find that the single inadvertent omission of a reference to a person was not prejudicial to" Robinson. In order to demonstrate the prejudice necessary to establish a Strickland violation, a petitioner must "prove that his [incompetently handled] claim is meritorious." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Robinson has failed to argue that he would have prevailed on the defaulted claim on direct appeal, and the Superior Court has expressly stated that he would not have done so. We therefore conclude that any deficient performance by his appellate counsel did not prejudice Robinson, and therefore, cannot provide the basis for habeas relief.

IV.

Because any Confrontation Clause violations that may have occurred at Robinson's trial are harmless and because Robinson has not shown any prejudice resulting from the alleged ineffectiveness of his appellate counsel, we conclude that no state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). We will therefore affirm the District Court's denial of Robinson's petition for a writ of habeas corpus.